151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Van JACKSON, Plaintiff-Appellant,
v.
David COMPTON, et al.,[1] Defendants-Appellees.
 No. 97-1455.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1998.*
Decided July 27, 1998.
Rehearing Denied Aug. 21, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-C-1384 J.P. Stadtmueller, Chief Judge.
 Before Hon. JOHN L. COFFEY, HON. FRANK H. EASTERBROOK, HON. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Van Jackson, a Wisconsin prisoner, appeals the district court's dismissal of his § 1983 complaint as frivolous and for failure to state a claim upon which relief could be granted, pursuant to 28 U.S .C. § 1915(e)(2) and § 1915A. We affirm.
 
 
 2
 Jackson filed suit under 42 U.S.C. § 1983 alleging, in a virtually unintelligible complaint, that his civil rights had been violated in connection with his arrest and confinement for burglary and his convictions for disorderly conduct and "jumping bail." The district court screened Jackson's complaint under 28 U.S.C. § 1915(e)(2) and § 1915A and, finding his claims to be "confused and indecipherable," dismissed his complaint without prejudice for frivolousness and for failure to state a claim. Jackson filed this timely appeal.
 
 
 3
 The standard of review for dismissals under § 1915(e)(2) or § 1915A is an open question in this circuit.[2] See Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7th Cir.1998) (stating that the standard of review for dismissals under § 1915(e)(2) is in doubt). As we noted in Mathis, the majority of circuits that have decided this question with respect to § 1915(e)(2) review such dismissals for abuse of discretion, but at least one circuit reviews such dismissals de novo. Id. Because under either standard of appellate review we conclude that Jackson's complaint was properly dismissed, we need not resolve this question.
 
 
 4
 Jackson seeks money damages ($3 million for each month he has been in jail or prison) for malicious prosecution, false imprisonment, and ineffective assistance of counsel. To state a claim under 42 U.S.C. § 1983, the plaintiff must claim that the defendants, while acting under color of state law, deprived him of a federal right. See Spiegel v. Rabinovitz, 121 F.3d 251, 254 (7th Cir.1997). Jackson's ineffective assistance of counsel claims are not cognizable under § 1983 because, even assuming his attorneys were public defenders (which is not at all clear from his complaint), the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).
 
 
 5
 Jackson's malicious prosecution claim is likewise frivolous, albeit on a different ground. Jackson's malicious prosecution claim relates to his convictions for disorderly conduct and jumping bail. But under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Jackson cannot maintain a § 1983 suit if a judgment in his favor would necessarily imply the invalidity of his convictions unless he "prove[s] that the conviction[s] or sentence[s] ha[ve] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. Because Jackson's malicious prosecution claim concerns the submission of a false police report, which resulted in his being charged with bail jumping and disorderly conduct, this claim necessarily implies the invalidity of his convictions. See id. at 484. Given that Jackson has not even alleged that his convictions have been expunged, his malicious prosecution claim is premature under Heck. See Walker v. Taylorville Correctional Ctr., 129 F.3d 410, 412-13 (7th Cir.1997); McCurdy v. Sheriff of Madison County, 128 F.3d 1144, 1145 (7th Cir.1997).
 
 
 6
 Jackson's false imprisonment claim relates to his arrest and confinement for burglary. According to Jackson's complaint, the burglary charges were dropped and he was released once he was discovered to be a lessee of the residence he purportedly burglarized. Because Jackson allegedly was never convicted of burglary, his false imprisonment claim does not imply the invalidity of any conviction and thus is not barred by Heck. See Heck, 512 U.S. at 486-87. See also Spiegel, 121 F.3d at 254 (When reviewing the dismissal of a complaint, we accept as true all facts asserted in the complaint.). Therefore, we must determine whether Jackson's false imprisonment claim is frivolous.
 
 
 7
 Although Jackson does not identify the federal right allegedly violated by his false imprisonment, we construe his claim as alleging a violation of his Fourth Amendment right not to be arrested without probable cause. See Kunik v. Racine County, 946 F.2d 1574, 1581-82 (7th Cir.1991); Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir.1989) (existence of probable cause to arrest is an absolute bar to a § 1983 claim for false imprisonment). However, Jackson fails to allege any facts suggesting that the arresting officer lacked probable cause to believe Jackson had committed burglary under Wisconsin law. He makes only the following allegations with respect to his false imprisonment claim: "I was locked up for burglary on my own apartment. I did 120 days in jail, when the court found out that I was on the lease, charges were finally dropped." These bare allegations are insufficient to state a violation of the Fourth Amendment.
 
 
 8
 A frivolous complaint or a complaint dismissed for failure to state a claim followed by a frivolous appeal results in two "strikes" for purposes of 28 U.S.C. § 1915(g). See Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir.1997). Because Jackson's complaint and his appeal from the dismissal of his complaint are frivolous, he has accumulated two strikes under 28 U.S.C. § 1915(g).
 
 
 9
 The district court dismissed Jackson's complaint without prejudice notwithstanding its determination that the complaint was frivolous. For the foregoing reasons, we MODIFY the district court's judgment and dismiss with prejudice Jackson's ineffective assistance of counsel and false imprisonment claims. We AFFIRM the district court's judgment as modified and DISMISS this appeal as frivolous under § 1915(e)(2)(B).
 
 
 
 [1]
 As defendants, Jackson names his attorneys, Jon Helen, Steven Porter, and a student lawyer working on behalf of a legal aid clinic; David Compton, a police officer; and the Dane County Sheriff
 
 
 *
 Because the defendants failed to file an appellate brief or respond to this court's rule to show cause why this appeal should not be submitted for decision without a brief from the appellees, this appeal is submitted on Jackson's briefs and the record. Cir.R. 31(d). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Section 1915 applies to proceedings in forma pauperis whereas § 1915A applies only to complaints in civil actions where a prisoner seeks redress from a government entity, officer, or employee. Because the grounds for dismissing a complaint under 1915(e)(2)(B) and § 1915A are the same, the standard of review for a dismissal under either provision would be the same