**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 17, 2005[*]
Decided November 18, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3090

| | |
|---|---|
| PRINCESS McCULLOUGH and HENRY McCULLOUGH, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Indiana South Bend Division. |
| *v.* | No. 3:04-CV-274 RM |
| SCOTT HALL, et al., *Defendants-Appellees*. | Robert L. Miller, Jr., *Chief Judge*. |

**O R D E R**

Princess and Henry McCullough were choir members at St. Pius X Catholic Church in Granger, Indiana, until, they allege, the music director kicked them out without cause.  The McCulloughs asked priests and others from their parish, the diocese, a nearby seminary, and even the University of Notre Dame to intervene, but when no one did, the couple brought suit in an Indiana court asking for $250 million in damages.  They claimed that the defendants—most, like the bishop for the diocese, having no conceivable connection to the choir dispute—violated their rights under state and federal law, including the First Amendment; the Americans with

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213; and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634.

The defendants removed the suit to federal court pursuant to 28 U.S.C. § 1441(b), and after the McCulloughs were unsuccessful in getting the action remanded back to state court, the defendants moved to dismiss on various grounds. The district court never ruled on those motions, however, because the McCulloughs voluntarily dismissed the action pursuant to Fed. R. Civ. P. 41(a)(1). More than seven months later, though, the McCulloughs moved for leave to reinstate the suit, essentially complaining that the magistrate judge who issued the order denying their motion to remand lacked authority to rule on the question. The district court declined to reinstate the lawsuit, and the McCulloughs appeal.

We construe the McCulloughs' motion to reinstate their lawsuit as one brought under Fed. R. Civ. P. 60(b). *See United States v. Mt. Vernon Mem'l Estates, Inc.*, 734 F.2d 1230, 1235 (7th Cir. 1984) (noting that "a district court has the authority under Rule 60(b) to vacate a voluntary dismissal and reopen the case"). We review the denial of any Rule 60(b) motion for an abuse of discretion and will rarely disturb a district court's decision on this kind of motion. *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Cincinnati Ins. Co.*, 131 F.3d at 628.

The district court did not abuse its discretion in denying the McCulloughs' motion. The McCulloughs argued that the district court should reinstate their lawsuit so that it might review and overturn the magistrate judge's order declining to remand the action to state court. But any argument they had about the propriety of the removal or the ruling on their motion to remand could have been raised in an appeal once the case was litigated to a final judgment, *see Rohrer, Hibler & Replogle, Inc. v. Perkins*, 728 F.2d 860, 861-62 (7th Cir. 1984), and so these questions could not provide a basis for relief under Rule 60(b). *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of direct appeal."); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("Rule 60(b) . . . is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal."). In any event, the lawsuit was patently frivolous, and that was reason enough for the district court not to revive it. *Cf. Berwick Grain Co. v. Illinois Dept. of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000) ("Pressing to reinstate a lawsuit that cannot be sustained if revived epitomizes bad faith."); *McCurdy v. Sheriff of Madison County*, 128 F.3d 1144, 1145

(7th Cir. 1997) ("A frivolous suit does not engage the jurisdiction of the federal courts.").

The judgment of the district court is AFFIRMED.