Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided August 12, 2011

No. 10-5234

IN RE: ANTOINE JONES,
PETITIONER

———

On Motion for Leave to Proceed In Forma Pauperis

———

*Antoine Jones*, appearing pro se, was on the motion for leave to proceed in forma pauperis.

Before: GINSBURG, ROGERS, and BROWN, *Circuit Judges*.

PER CURIAM:     The question in this case is whether a dismissal of a complaint for failure to state a claim based on *Heck v. Humphrey*, 512 U.S. 477 (1994), counts as a "strike" under the Prison Litigation Reform Act ("PLRA"), 38 U.S.C. § 1915(g).  For the following reasons, we hold that it does.

**I.**

Antoine Jones petitioned this court on July 14, 2010, for a writ of mandamus to compel the district court to grant him *in forma pauperis* status and permit him to file his civil rights

damages suit pursuant to 42 U.S.C. § 1983. Jones also has moved for leave to proceed on appeal *in forma pauperis*. At the time of these filings, Jones was an inmate at the United States Penitentiary in Florence, Colorado. This court held in abeyance consideration of Jones' mandamus petition and two motions for leave to appeal *in forma pauperis*, pending a decision on whether the PLRA's filing-fee requirements, 28 U.S.C. § 1915(b), apply to a petition for a writ of mandamus seeking to compel the district court to file civil pleadings. *See In re Antoine Jones*, No. 09-5085 (D.C. Cir. argued Oct. 10, 2010) (hereinafter, "*Jones I*").

Following the court's decision in *In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011), and issuance of an order to show cause in *Jones I*, the court on April 25, 2011, ordered Jones to show cause in the instant case why he should not be required to pay the appellate filing fee before this court would consider his petition and related motions. It appeared that Jones had, while incarcerated, filed at least three civil actions or appeals that had been dismissed on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). *See* Order to Show Cause, *In re Antoine Jones*, No. 10-5234 (D.C. Cir. Apr. 25, 2011) (hereinafter "*Jones II*"). The April 25, 2011 Order cited: *Jones v. Delaney*, 610 F. Supp. 2d 46, 48 (D.D.C. 2009) (dismissed under § 1915A for failure to state a claim); *Jones v. Gikas*, No. 07cv1068, 2008 WL 2202264 (D.D.C. May 27, 2008) (dismissed for failure to state a claim based on *Heck v. Humphrey*); *Jones v. Kirchner*, No. 07cv1063, 2008 WL 2202220 (D.D.C. May 27, 2008) (same); *Jones v. Yanta*, No. 07cv1172, 2008 WL 2202219 (D.D.C. May 27, 2008) (same).

## II.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Under *Heck v. Humphrey*, a section 1983 damages claim that is based on conduct whose unlawfulness would demonstrate the invalidity of a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated or called into question by issuance of a writ of habeas corpus.  512 U.S. at 486–87.  In *Heck v. Humphrey*, the prisoner's complaint alleged that his conviction violated his constitutional rights.  *Id*. at 479.  The Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  512 U.S. at 486–87.  The Court clarified, however, that "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ."  *Id*. at 487 (emphasis in original).  Jones does not deny that three of the four cited cases were dismissed for failure to state a claim under *Heck v. Humphrey*.  *See* Pet'r's Response 1–3.

The circuit courts of appeal to address the question have held that the dismissal of a section 1983 lawsuit for damages based on prematurity under *Heck v. Humphrey* is for failure to state a claim, and constitutes a "strike" under the PLRA, 28 U.S.C. § 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248, 1249 (10th Cir. 2007)); *see also Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *cf. McCurdy v. Sheriff of Madison County*, 128 F.3d 1144, 1145 (7th Cir. 1997). The Tenth Circuit in *Smith* held, relying on its precedent in *Davis,* that because the favorable termination of a habeas case or direct appeal is an "*essential element* of a prisoner's civil claim for damages brought under 42 U.S.C. § 1983," 636 F.3d at 1312 (emphasis in original), the plaintiff's "failure to allege this essential element of his § 1983 claim was a failure to state a claim," *id.* The Fifth Circuit is in agreement, holding that "a plaintiff who seeks to recover damages under section 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton*, 74 F.3d at 102.

We conclude that this result is consistent with *Heck v. Humphrey*, 512 U.S. at 486–87. There, the Supreme Court derived the claim for an allegedly unconstitutional conviction or imprisonment from the common law tort action of malicious prosecution, noting that "[o]ne element that must be *alleged and proved* in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." 512 U.S. at 484 (emphasis added). Consequently, we join the Fifth and Tenth Circuits in holding that in the absence of proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *id.* at

487, the plaintiff has failed to state a claim for purposes of section 1915(g).

When Jones filed the four prior section 1983 civil rights damages lawsuits, three of which were dismissed under *Heck v. Humphrey*, his conviction had not yet been overturned. To that extent, his section 1983 claims were premature under *Heck v. Humphrey*. The fact that this court subsequently reversed Jones' conviction, *see United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010), does not alter that conclusion.[1]

Accordingly, because Jones, while incarcerated, had filed at least three civil actions that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim, and he has neither offered any valid reason why he should not be required to pay in full the appellate filing fee before this court will consider his mandamus petition, nor claimed he is in imminent danger within the meaning of the exception under section 1915(g) to the PLRA's three-strikes provision, the court will deny Jones' motion for leave to appeal *in forma pauperis* and order Jones to pay the full fee before the court will consider his petition.

---

[1] On June 27, 2011, the Supreme Court granted the government's petition for certiorari to review the reversal of Jones' conviction. *See United States v. Jones*, __ S. Ct. __, 2011 WL 1456728 (No. 10-1259). Issuance of the mandate of this court, reversing Jones' conviction, has been withheld pending the Supreme Court's final disposition. *See* Order, No. 08-3034 (D.C. Cir. Apr. 7, 2011).