**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 4, 2013[*]
Decided November 12, 2013

## Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 13-1064 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| MICHAEL MEJIA, *Plaintiff-Appellant*, | |
| *v.* | No. 12 C 2826 |
| CHRISTOPHER HARRINGTON, *et al.*, *Defendants-Appellees*. | Suzanne B. Conlon, *Judge*. |

## Order

Michael Mejia, a prisoner of Illinois, contends that correctional officers penalized him (by, for example, making false allegations of disciplinary infractions) in response to grievances and a suit he had filed. The district court screened Mejia's complaint, 28 U.S.C. §1915A, and dismissed it as barred by *Edwards v. Balisok*, 520 U.S. 641 (1997). *Edwards* and its predecessor *Heck v. Humphrey*, 512 U.S. 477 (1994), hold that a federal suit

---

[*] The defendants were not served with process in the district court and have not participated in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

under 42 U.S.C. §1983 cannot be based on a proposition that is incompatible with the outcome of a criminal prosecution, or prison-disciplinary decision, unless the conviction or decision has been vacated. Mejia's disciplinary sanctions remain in force.

Mejia sought reconsideration, observing that he had not been deprived of good-time credits and contending that lesser forms of intra-prison discipline do not bring a suit within the scope of *Edwards*. See *Muhammad v. Close*, 540 U.S. 749 (2004); *Simpson v. Nickel*, 450 F.3d 303 (7th Cir. 2006). The district court denied this motion. Mejia did not appeal. Instead he filed a second post-judgment motion making the same arguments as the first. The district court denied that successive motion, and Mejia then appealed—but by then the time to appeal the original decision had expired. This court entered an order on June 10, 2013, notifying Mejia that the district court's original decision is no longer subject to appeal and instructing him that his appellate brief must be limited to the propriety of the district court's order denying his successive motion—which, because of its timing, is treated as a motion for relief under Fed. R. Civ. P. 60(b)(6). See, e.g., *Justice v. Cicero*, 682 F.3d 662, 665 (7th Cir. 2012).

The first motion to reconsider postponed the time for appeal until it was decided, see Fed. R. App. P. 4(a)(4), which occurred on September 11, 2012. Mejia then had 30 days to appeal. He did not file a notice of appeal, however, until January 8, 2013, after the district court denied his second post-judgment motion. The second motion had no effect on the time for appeal, so the notice of appeal was untimely, and we lack appellate jurisdiction with respect to, the district court's original substantive decision. See, e.g., *Blue v. Electrical Workers*, 676 F.3d 579, 582 (7th Cir. 2012). The only subject within our jurisdiction is the propriety of denying the motion for relief under Rule 60.

Mejia ignored our order. His brief addresses the propriety of the district court's initial decision dismissing his suit on the basis of *Edwards*. He does not contend that his second motion for reconsideration justifies reopening the judgment under the standard of Rule 60(b)(6), which, as *Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005), observes, is limited to a few extraordinary post-judgment developments. Mejia does not contend that any of Rule 60's other subsections applies; he does not maintain, for example, that the adverse judgment is the result of fraud on the court. Since Mejia's brief does not offer a good reason to conclude that the district judge abused her discretion in denying relief under Rule 60(b)(6), the decision denying the successive motion must be affirmed.

We have a brief word about a portion of the district court's order. The judge wrote that this suit counts toward the three that will severely restrict a prisoner's ability to litigate *in forma pauperis*. Under 28 U.S.C. §1915(g), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," then a court may permit future litigation without prepayment of filing fees only if "the prisoner is under imminent danger of serious physical injury."

The district court did not explain why Mejia's suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted". *Heck* and *Edwards* deal with timing rather than the merits of litigation. Until the conviction or disciplinary decision is set aside, the claim is unripe, and the statute of limitations has not begun to run. *Heck* and *Edwards* do not concern the adequacy of the underlying claim for relief.

It is possible in principle for a prisoner to contend, frivolously or maliciously, that a suit is compatible with *Heck* and *Edwards*, but the district court did not find that Mejia's contentions deserve those labels. Given *Muhammad* and *Simpson*, which support Mejia's position, no such finding would be tenable. As a result, neither this suit nor the appeal counts as a "strike" under §1915(g).

Mejia paid the filing fee for this appeal. If in the future a district court should deny a motion to proceed *in forma pauperis* on the ground that the current suit or appeal counts as a "strike," Mejia can appeal and obtain relief in this court before paying the filing fee. See *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002).

AFFIRMED