**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-7228**

———————

JONATHAN EUGENE BRUNSON,

        Plaintiff-Appellant,

   v.

JOSH STEIN; BARRY H. BLOCH; JESSICA B. HELMS; ELIZABETH B. JENKINS; BENJAMIN S. GURLITZ; CHARLTON L. ALLEN; PHILIP A. BADDOUR, III; YOLANDA K. STITH; MYRA L. GRIFFIN; KENNETH L. GOODMAN; JAMES C. GILLEN; TAMMY R. NANCE; CHRISTOPHER C. LOUTIT; BRIAN R. LIEBMAN; AMANDA M. PHILLIPS; KIMBERLEE FARR; BRITTANY A. PUCKETT; EMILY M. BAUCOM,

        Defendants-Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-CT-3063-FL)

———————

Argued: March 21, 2024                        Decided: September 16, 2024

———————

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

———————

Motion denied by published opinion.  Judge Richardson wrote the opinion, in which Judges Niemeyer and Heytens joined.

———————

**ARGUED:**  Jennifer Franklin, WILLIAM & MARY LAW SCHOOL, Williamsburg, Virginia, for Appellant.  Sripriya Narasimhan, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.  **ON BRIEF:** Jim Davidson, Third Year

Law Student, Vivian Li, Third Year Law Student, Brendan Clark, Third Year Law Student, Supreme Court & Appellate Litigation Clinic, WILLIAM & MARY LAW SCHOOL, Williamsburg, Virginia, for Appellant.  Joshua H. Stein, Attorney General, Ryan Y. Park, Solicitor General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

RICHARDSON, Circuit Judge:

It is sometimes said that a judge's duty is to "call balls and strikes." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020). This case actually requires us to do so. The Prison Litigation Reform Act's (PLRA) "three-strikes" rule bars prisoners from suing *in forma pauperis* if, while incarcerated, they filed three or more federal civil actions or appeals that were dismissed for frivolity, malice, or failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). One knuckleball has long divided umpires: whether a dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), is a PLRA strike. *Heck* held that a federal court may not entertain a state prisoner's 42 U.S.C. § 1983 suit for money damages if that suit's success would necessarily undermine the legality of his conviction or confinement, unless the prisoner has first "invalidated" the legality of his confinement. *Id.* at 486–87. Today, we hold that a *Heck* dismissal is necessarily for failure to state a claim and thus counts as a PLRA strike.

## I.    Background

The issue here is a legal one, so few facts are needed. Jonathan Brunson is imprisoned in North Carolina pursuant to a sexual-abuse conviction. While incarcerated, Brunson filed this § 1983 action naming the North Carolina Attorney General and seventeen other state officials as defendants. He sought declaratory relief, injunctive relief, and compensatory and punitive damages.

In his complaint, Brunson acknowledged that he had previously filed four § 1983 suits that were all dismissed under *Heck*. Nevertheless, he moved to proceed *in forma pauperis*. The district court initially granted Brunson's request. But it later vacated that

3

order after deciding that Brunson was precluded from proceeding *in forma pauperis* by the PLRA's three-strikes rule.  In reaching this decision, the court found that Brunson's prior dismissals under *Heck* were for failure to state a claim upon which relief may be granted.  So Brunson prepaid the $402 fee to file suit.  Later, for reasons not relevant here, the district court dismissed his § 1983 complaint.

Brunson timely appealed.  He then applied to proceed on appeal without prepaying fees.  In the application, Brunson argued that he does not have any PLRA strikes because *Heck* dismissals do not count as strikes under the PLRA.  Before resolving this question, we placed Brunson's case in abeyance pending another appeal in which this issue might have been resolved.  *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).  But that case ultimately reserved the question.  *See id.* at 148 n.3.  So we calendared Brunson's appeal for argument on whether he should be permitted to proceed on appeal *in forma pauperis*.[1]

## II.    Discussion

Concerned by the "flood of nonmeritorious" prisoner litigation in federal courts, *Jones v. Bock*, 549 U.S. 199, 203 (2007), Congress enacted the PLRA's three-strikes rule to "filter out the bad claims filed by prisoners and facilitate consideration of the good," *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (alterations and citation omitted).  The rule bars a prisoner from suing *in forma pauperis*—that is, without first paying the filing fee—if he

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[1] Whether the dismissal under *Heck* is a PLRA strike is a legal question that we review *de novo*.  *Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (en banc).

4

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  A prisoner who receives three strikes must prepay the filing fee before proceeding, just like any other plaintiff.  *See* 28 U.S.C. § 1914(a).

This case requires us to decide whether an action dismissed under *Heck* is dismissed for "fail[ure] to state a claim upon which relief may be granted."  If so, such a dismissal counts as a strike under the PLRA.  § 1915(g).[2]  In *Heck*, the Supreme Court held that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid, a § 1983 plaintiff must prove that [his] conviction or sentence has been" invalidated.  512 U.S. at 486–87.  This is known as the "favorable-termination requirement," and suits dismissed for failing to meet it are said to be "*Heck*-barred."  Before bringing this § 1983 suit, Brunson unsuccessfully filed four § 1983 suits, each of which was found to be *Heck*-barred.  So if *Heck* dismissals count as strikes under the PLRA, then Brunson cannot proceed *in forma pauperis* on appeal, as he falls within the three-strikes rule.

This question is the subject of an entrenched circuit split.  *See Lomax*, 140 S. Ct. at 1724 n.2 (noting the split but declining to reach the issue).  The Third, Fifth, Tenth, and D.C. Circuits have held that *Heck* dismissals are necessarily for failure to state a claim.  *See Garrett v. Murphy*, 17 F.4th 419, 427 (3d Cir. 2021); *Colvin v. LeBlanc*, 2 F.4th 494, 497–

---

[2] Defendants do not argue that Brunson's prior *Heck*-barred suits were dismissed because they were frivolous or malicious.  Nothing in this opinion forecloses this as an alternative ground for finding a strike in future cases.

99 (5th Cir. 2021); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *In re Jones*, 652 F.3d 36, 38 (D.C. Cir. 2011). The Second, Seventh, and Ninth Circuits, meanwhile, have held, to varying degrees, that *Heck* dismissals are not, or sometimes are not, strikes under the PLRA. *See Cotton v. Noeth*, 96 F.4th 249, 257 (2d Cir. 2024) (holding that "whether a *Heck* dismissal qualifies as a strike depends on . . . whether the dismissal turned on the merits or whether it was simply a matter of sequencing or timing"); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (holding that a *Heck* dismissal counts as a strike only when "*Heck*'s bar to relief is so obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA"); *Mejia v. Harrington*, 541 F. App'x 709, 710 (7th Cir. 2013) (holding that *Heck* "deal[s] with timing rather than the merits of litigation").[3]

Until now, our Circuit had not waded into this conceptual morass.[4] Today, we conclude that *Heck*'s favorable-termination requirement is an element of the type of § 1983

---

[3] Whether the First and Eleventh Circuits classify a *Heck* dismissal as one for failure to state a claim is unclear. *Compare O'Brien v. Town of Bellingham*, 943 F.3d 514, 529 (1st Cir. 2019) (stating that "[w]hether *Heck* bars § 1983 claims is a jurisdictional question"), *with Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) (describing the favorable-termination requirement as an "element" of plaintiff's claim); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185 n.4 (11th Cir. 2020) (explaining that the circuit's precedents had previously "said in dicta that *Heck* strips a federal court of jurisdiction" but also that "*Heck* deprives the plaintiff of a cause of action," and ultimately declining to decide the issue).

[4] We once suggested that *Heck* might be a variant of the *Rooker-Feldman* doctrine. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 201–02 (4th Cir. 1997). But this discussion occurred in dicta that was not necessary to the case's disposition. *See Wideman v. Innovative Fibers LLC*, 100 F.4th 490, 497 n.7 (4th Cir. 2024). So we are not bound by this statement in *Jordahl*.

claims *Heck* identified. *Heck*, 512 U.S. at 483. Accordingly, we hold that a dismissal under *Heck* is necessarily a dismissal for "failure to state a claim upon which relief may be granted" and qualifies as a PLRA strike. § 1915(g).

Start with *Heck*'s holding. Under *Heck*, for certain damages claims having to do with convictions or sentences, "a § 1983 plaintiff must prove that the conviction or sentence has been . . . invalidated." 512 U.S. at 486–87. If a plaintiff's "claim for damages" flunks this requirement, then that claim "is not cognizable under § 1983." *Id.* at 487. That is, if a plaintiff cannot show invalidation, we "deny the existence of a cause of action." *Id.* at 489.

Next consider why *Heck* denied the existence of a cause of action. It's because a *Heck*-barred plaintiff has failed to "allege[] and prove[]" an element of that cause of action. *Heck*, 512 U.S. at 484. This follows from basic principles about causes of action. A cause of action is the "group of operative facts"—also known as "elements"—"giving rise to one or more bases for suing." *Cause of Action*, Black's Law Dictionary (12th ed. 2024). A plaintiff has a cause of action (that is, his action "accrues") if it is "complete and present." *Corner Post, Inc. v. Bd. of Govs. of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2451 (2024). And a cause of action is complete and present if all its elements exist. *Id.* Rephrased in the negative, a cause of action does *not* exist only if one or more elements is missing. That means for a *Heck*-barred plaintiff to lack a cause of action, an element must be missing. And *Heck* tells us what is missing: favorable termination. *See* 512 U.S. at 489–90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

7

*Heck*'s reasoning confirms this conclusion. A § 1983 claim generally derives its "elements of damages and the prerequisites for their recovery" from whatever common-law tort is most analogous to that § 1983 claim. 512 U.S. at 483–86 (citation omitted).[5] And as *Heck* reasoned, a § 1983 claim calling into question the validity of one's conviction or confinement requires favorable termination because favorable termination is an "element" of malicious prosecution. *Id.* at 484. In *Heck*'s language, "[o]ne *element* that must be *alleged* and *proved* in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Id.* (emphasis added). So a plaintiff must first *allege*, and ultimately *prove*, that same *element* for a similar claim to be cognizable under § 1983. *See id.* at 489–90. Without the element, the plaintiff lacks a "complete and present cause of action" under § 1983. *McDonough v. Smith*, 588 U.S. 109, 119 (2019) (quotation marks and citations omitted); *see Heck*, 512 U.S. at 489.[6]

For this reason, a *Heck*-barred plaintiff fails to state a claim upon which relief may be granted. A plaintiff who has no "cause of action," *Heck*, 512 U.S. at 489, has no claim

---

[5] As we have recognized, § 1983 does not provide its own elements; instead, § 1983 is a vehicle for vindicating claims that derive their elements from elsewhere. "To identify the elements . . . for a § 1983 claim, we 'look first to the common law of torts' to identify the most analogous tort." *Smith v. Travelpiece*, 31 F.4th 878, 883–84 (4th Cir. 2022) (quoting *Manuel v. City of Joliet*, 137 S. Ct. 911, 910 (2017)). Once we have found "that common-law analogy . . ., the court incorporates its elements" into the § 1983 action. *Id.* at 884.

[6] We have described *Heck* this way before. *See Travelpiece*, 31 F.4th at 884 (describing *Heck* as "incorporating the favorable-termination element for malicious prosecution").

8

either.[7] The Supreme Court has recognized as much: If a plaintiff fails to plead a required element and his claim is thus "not cognizable under § 1983," the appropriate remedy is dismissal for failure to state a claim. *Estelle v. Gamble*, 429 U.S. 97, 107–08 (1976); *see also Skinner v. Switzer*, 562 U.S. 521, 533–37 (2011) (reaffirming that a plaintiff cannot "proceed under § 1983" when his claim is *Heck*-barred). Put another way, a *Heck*-barred plaintiff cannot "survive a motion to dismiss" because he cannot "plausibly allege facts that, if proven, would be sufficient to establish *each element* of the claim." *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268–69 (4th Cir. 2022) (citations omitted) (emphasis added). All told, the upshot of *Heck*'s holding—that certain plaintiffs have a cause of action only if they show favorable termination—is that when such a plaintiff *does not* show favorable termination, that plaintiff has no cause of action and thus fails to state a claim.[8]

Rather than treat *Heck* as defining an element of certain causes of action under § 1983, Brunson urges us to adopt the Ninth Circuit's holding in *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016). There, our sister circuit held that *Heck*'s favorable-termination requirement is more like an affirmative defense than an element. *Id*. at 1056. Accordingly, the Ninth Circuit recognizes that a *Heck* dismissal is only for failure

---

[7] *See, e.g.*, *Claim*, Black's Law Dictionary (6th ed. 1990) (defining "claim" as "[a] cause of action").

[8] For this reason, *Heck* was not about subject-matter jurisdiction. The absence of a complete cause of action does not deprive a federal court of subject-matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."). Since *Heck* "den[ied] the existence of a cause of action" absent the favorable-termination element, 512 U.S. at 489, the lack of that element "does not implicate subject-matter jurisdiction," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

to state a claim "if there exists an 'obvious bar to securing relief on the face of the complaint.'" *Id.* at 1056; *see Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss.").

But each reason *Washington* gives conflicts with *Heck* itself.  To begin, *Washington* rationalized that the favorable-termination requirement can't be an element of a cause of action because it appears nowhere in § 1983's text.  833 F.3d at 1056.  But this argument misapprehends *Heck* and § 1983 alike.  *Heck* didn't purport to draw the favorable-termination requirement from § 1983's text; it drew it from an analogy to malicious prosecution.  512 U.S. at 483–86.  And for good reason.  By its text, § 1983 *requires* elements outside the statute itself.  Section 1983 states that "Every person who, under color of [state law], . . . depriv[es a party] of any rights . . . *secured by the Constitution and laws*, shall be liable to the party . . . ." (emphasis added).  In other words, the statute "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  Section 1983's text thus contemplates that any cause of action brought using this "method," *id.*, will necessarily require elements not enumerated in the statute.  And when the cause of action resembles the common law tort of malicious prosecution, favorable termination is an element under § 1983 just as it was an element at common law.  *See, e.g.*, *Carter v. Greenhow*, 114 U.S. 317, 322–23 (1885); *Thompson v. Clark*, 596 U.S. 36, 42–44 (2022); *see also supra* note 5.

Next, *Washington* reasons that favorable termination cannot be an element because it's only required if the court makes the "threshold legal determination . . . that the requested relief would undermine the underlying conviction." 833 F.3d at 1056. This is partly true. *Heck* said that favorable termination is required only if a court determines that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. But that doesn't mean a favorable termination is not an element of certain § 1983 claims. As just explained, when a plaintiff alleges a violation of a constitutional right under § 1983, we "look to the elements of the most analogous tort as of 1871 when § 1983 was enacted." *Thompson*, 596 U.S. at 43; *see Heck*, 512 U.S. at 483. That is how we know what elements the plaintiff must plead and prove. So the "threshold inquiry" *Washington* refers to is both indispensable and logically prior to the elements: the court must determine what kind of action the plaintiff is bringing in order to determine *what elements* he's required to "allege[]" in the complaint and ultimately "prove[]" on the merits. *Heck*, 512 U.S. at 484.

Third, *Washington* reads *Heck* as mandating dismissal not because a plaintiff fails to plead a necessary element, but as "a matter of 'judicial traffic control'" that "most closely resembles" an affirmative defense: "the mandatory administrative exhaustion of PLRA claims." *Washington*, 833 F.3d at 1056. But this too runs headlong into *Heck*. *Heck* specifically and repeatedly said that § 1983 does not have an exhaustion requirement and that it was not creating one. 512 U.S. at 483, 488, 489. And in disclaiming any notion that it was "engraft[ing] an exhaustion requirement upon § 1983," the Court explicitly said that it was instead "deny[ing] the existence of a cause of action." *Id.* at 489. So even if

11

dismissals for failure to state a claim sometimes function as "judicial traffic control," *Heck*'s stoplight, by its very language, isn't akin to an exhaustion requirement.

Last, *Washington*'s conclusion is as hard to reconcile with *Heck* as the reasons *Washington* gives for it. *Heck* made apparent that the *plaintiff* bears the burden of alleging and proving favorable termination. *Id*. at 486–87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 *plaintiff must prove* that the conviction or sentence has been [invalidated]." (emphasis added)); *id*. at 486–87 ("[T]he complaint must be dismissed unless *the plaintiff* can demonstrate that the conviction or sentence has already been invalidated." (emphasis added)). Generally, plaintiffs bear the burden of proving elements. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They don't bear the burden of alleging or proving the absence of affirmative defenses. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Defendants bear that burden.

In sum, everything in *Heck* points to the conclusion that favorable termination is an element of a plaintiff's cause of action under § 1983. Arguments to the contrary don't hold water. And without a cause of action, a plaintiff has no claim upon which relief may be granted. So the dismissal of an action under *Heck* is a dismissal for failure to state a claim and thus a strike under the PLRA.

\*      \*      \*

"[T]o be a good judge and a good umpire, you [] have to follow the established rules and the established principles." Brett M. Kavanaugh, *The Judge as Umpire: Ten Principles*, 65 Cath. U. L. Rev. 683, 686 (2016). *Heck* established the rule that a plaintiff

12

who asserts a damages claim challenging his conviction or confinement fails to state a claim unless he alleges and proves favorable termination.  Since Brunson has filed at least three prior actions that were dismissed as *Heck*-barred, our role as umpires is to strike him out under the PLRA.  Brunson's motion to proceed *in forma pauperis* is thus

*DENIED.*