FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM NATHANIEL
WASHINGTON,
   *Plaintiff-Appellant*,

v.

LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT; LEE
BACA; TWIN TOWERS
CORRECTIONAL FACILITY,
   *Defendants-Appellees*.

No. 13-56647

D.C. No.
2:13-cv-04402-UA-PJW

OPINION

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted April 4, 2016
Pasadena, California

Filed August 12, 2016

Before: JEROME FARRIS, CARLOS T. BEA,
and MILAN D. SMITH, JR., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

# SUMMARY[*]

### Prisoner Civil Rights

The panel reversed the district court's denial of a prisoner's motion to proceed in form pauperis after the district court found that the prisoners had accrued at least three prior "strikes" under the Prison Litigation Reform Act's "three strikes rule." 28 U.S.C. § 1915(g).

The panel held that the district court improperly assessed the existence of five prior strikes against plaintiff and therefore the panel remanded for the district court to assess whether plaintiff was entitled to proceed with his action in forma pauperis.

Assessing the prior federal filings, the panel held that a dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), may constitute a strike for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the Prison Litigation Reform Act. The panel held that when multiple claims are presented in a single action, a strike may only be assessed when the case as a whole is dismissed for a qualifying reason under the Prison Litigation Reform Act. Applying this legal framework to the facts of plaintiff's prior filing, which intertwined the *Heck*-barred damages claims with a habeas challenge to the underlying sentence, the panel concluded that the dismissal

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of plaintiff's action pursuant to *Heck* did not constitute a strike.

The panel held that a dismissal due to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike.

The panel held that plaintiff's two mandamus petitions, which directly challenged the underlying criminal proceedings, were more properly construed as appeals of criminal cases, and therefore operated like habeas claims that lie outside the scope of the Prison Litigation Reform Act, and do not incur strikes.

## COUNSEL

Joanna S. McCallum (argued), Manatt, Phelps & Phillips, LLP, Los Angeles, California, for Plaintiff-Appellant.

Mackenzie C. Smith (argued) and Paul B. Beach, Lawrence Beach Allen & Choi, PC, Glendale, California, for Defendant-Appellee Los Angeles County Sheriff's Department.

No appearance for Defendants-Appellees Lee Baca and Twin Towers Correctional Facility.

## OPINION

M. SMITH, Circuit Judge:

This appeal addresses the application of the Prison Litigation Reform Act of 1995's (PLRA) "three-strikes" rule, 28 U.S.C. § 1915(g), to Plaintiff William Washington's action against the Los Angeles County Sheriff's Department, Lee Baca, and the Twin Towers Correctional Facility (collectively, Defendants). The PLRA's "three-strikes" rule prohibits a prisoner from filing an action *in forma pauperis* (IFP) if he has accumulated three "strikes" for prior federal-court actions while incarcerated or in detention, unless he is "under imminent danger of serious physical injury." *Id*. A prisoner can incur a "strike" for bringing an action "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*.

Washington, a California state prisoner, requested leave to file suit IFP against Defendants. The district court denied Washington's IFP request on the basis that he had accrued at least three prior "strikes" under § 1915(g). The district court also found that Washington's complaint failed to adequately plead "imminent danger of serious physical injury" within the meaning of § 1915(g). Because we hold that the district court improperly assessed the existence of prior strikes against Washington, we REVERSE and REMAND.

## FACTS AND PRIOR PROCEEDINGS

While in detention pending the outcome of a criminal trial, Washington submitted a complaint, alleging violations of his Eighth Amendment right to adequate medical care and safe prison conditions, and requesting monetary and

injunctive relief pursuant to 42 U.S.C. § 1983. Along with the submission of his complaint, Washington requested permission to proceed IFP pursuant to 28 U.S.C. § 1915, which would permit him to pay the $350 filing fee in gradual installments rather than as an initial lump sum. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). The district court found that Washington had accrued at least three strikes under the PLRA, and that his complaint did not allege "imminent danger of serious physical injury," which would permit him to bypass the PLRA's three-strikes rule. *See* 28 U.S.C. § 1915(g). It denied the IFP request and dismissed the action without prejudice.

Below we consider the history of Washington's five prior federal filings, which Defendants claim resulted in PLRA strikes against Washington.[1]

### 1.  *Washington v. Haviland*, No. 2:09-CV-3052

In November 2009, Washington filed a § 1983 complaint in the U.S. District Court for the Eastern District of California against prison wardens and various state officials. *See Washington v. Haviland*, No. 2:09-CV-3052 (E.D. Cal. filed Nov. 3, 2009). In the complaint, Washington claimed that the defendants, in a separate state proceeding, had applied an improper sentencing enhancement, causing him to remain in prison for an additional year, in violation of his Fourteenth Amendment rights. He requested compensation for his injuries, including monetary damages for negligent infliction

---

[1] Because we ultimately conclude that Washington has not accrued three strikes, we decline to delve into the substance of his most recent complaint to decide whether it adequately alleges an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

of emotional distress, actual loss of wages, and punitive damages, as well as injunctive relief in the form of a "recall" of his sentence. Washington simultaneously submitted an IFP request.

A magistrate judge screened Washington's complaint pursuant to 28 U.S.C. § 1915A(a). The magistrate judge concluded that *Heck v. Humphrey*, 512 U.S. 477 (1994), required dismissal of Washington's § 1983 claim because a favorable ruling would cast into doubt the validity of his underlying sentence. The magistrate judge then advised Washington that a habeas petition was the "proper mechanism" for challenging his sentence. On March 15, 2010, the district court adopted the magistrate judge's recommendations, denied Washington's IFP application, and dismissed the action "without prejudice for failure to state a cognizable claim."

### 2. *Washington v. California Supreme Court*, No. 2:10-CV-54

In January 2010, after the California Supreme Court denied Washington's emergency *ex parte* motion for relief, Washington brought an action challenging the validity of the sentencing enhancement through a mandamus petition, this time in the U.S. District Court for the Central District of California. *See Washington v. Cal. Supreme Court*, No. 2:10-CV-54 (C.D. Cal. filed Jan. 5, 2010). He also submitted an IFP request with the complaint.

The U.S. District Court for the Central District of California uses a standard template order for screening IFP requests. Such a template was used in this case as well as in subsequent cases Washington filed in that court. On the

template order, the magistrate judge recommended a denial of the IFP request. Under the section listing "reason(s)" for the denial, the magistrate judge did not indicate that the pleading was "[f]rivolous, malicious, or fails to state a claim," or that the "denial may constitute a strike" under the PLRA. Rather, the magistrate judge offered a separate explanation in the comments section. Specifically, she concluded that a mandamus petition was inappropriate when other forms of relief, such as a habeas petition, were available to challenge the sentencing decision. Accordingly, the magistrate judge directed the clerk to "attach the appropriate [habeas] form for petitioner to use." The district court denied the IFP request without further comment or qualification.

### 3. *Washington v. California Supreme Court*, No. 2:10-CV-964

In February 2010, Washington submitted a near facsimile of the earlier mandamus petition, accompanied by an IFP request. *See Washington v. Cal. Supreme Court*, No. 2:10-CV-964 (C.D. Cal. filed Feb. 19, 2010). A different magistrate judge concluded that the complaint "remains an inappropriate mandamus action," and that Washington could instead submit a habeas petition. The magistrate judge checked off the boxes on the template order indicating that the complaint was "[f]rivolous, malicious, or fails to state a claim" and that "[t]his denial may constitute a strike." The district court denied Washington's IFP request.

### 4. *Washington v. Los Angeles Police Department*, No. 2:12-CV-5873

Over two years later, in July 2012, Washington filed a § 1983 complaint in relation to ongoing state criminal

proceedings. *See Washington v. L.A. Police Dep't*, No. 2:12-CV-5873 (C.D. Cal. filed July 6, 2012). He again requested IFP status. Washington alleged that the Los Angeles Police Department as well as its officers and agents "committed felony misconduct to falsely imprison [Washington] and to potentially manipulate the verdict of a trial," in violation of the Fifth and Fourteenth Amendments. Specifically, Washington claimed that the defendants had forged evidence and falsified reports in a criminal investigation involving Washington. He requested damages and various forms of injunctive relief.

A magistrate judge recommended that the IFP request be denied. The magistrate judge noted that it was "not clear whether the underlying criminal case against [Washington] is ongoing or whether he has already been convicted," but, in either case, Washington's § 1983 claim "[could] not go forward." The magistrate judge reasoned that the claim was either barred by *Heck*, because it challenged a criminal conviction, or barred by *Younger v. Harris*, 401 U.S. 37 (1971), because the state criminal proceedings were ongoing.[2] The magistrate judge also noted that a habeas petition was the appropriate remedy for challenging the legality of his confinement. Accordingly, the magistrate judge ticked off the following boxes on the template order as reasons for the denial of IFP status: (1) "District Court lacks jurisdiction; (2) "Frivolous, malicious, or fails to state a claim"; (3) "Leave to amend would be futile"; and (4) "Other." Under the "Other" section, the magistrate judge wrote: "*Heck* barred

---

[2] The record reveals that the state criminal proceedings were then ongoing, therefore triggering abstention under *Younger*. *See infra* Section II.B.

and/or *Younger* abstention." The district court denied Washington's IFP request, without leave to amend.

**5.  *Washington v. City of Los Angeles*, No. 2:12-CV-7429**

In August 2012, Washington filed another § 1983 lawsuit, repeating similar facts from his July 2012 complaint, and requested IFP status. *See Washington v. City of Los Angeles*, No. 2:12-CV-7429 (C.D. Cal. filed Aug. 29, 2012). This time, Washington modified the named defendants and the relief sought, notably removing his previous request for immediate release from custody and "thorough investigation of the criminal case," but requesting that a "forensic document examiner be appointed to prove [the] authenticity of [the] document in question." Washington also removed his claim of false imprisonment, but retained his allegations of due-process violations arising from police misconduct.

The same magistrate judge that reviewed Washington's previous July 2012 IFP request reviewed this complaint. On the template order, the magistrate judge recommended denying the IFP request for the same reasons as the July 2012 IFP request, but additionally checked a box stating that the denial "may constitute a strike." The district court denied Washington's IFP request, without leave to amend.

**STANDARD OF REVIEW AND JURISDICTION**

"We review the district court's interpretation and application of § 1915(g)" de novo. *Cervantes*, 493 F.3d at 1052. We have jurisdiction under 28 U.S.C. § 1291. *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).

## ANALYSIS

### I.  Prison Litigation Reform Act

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321 (1996) (codified in part at 28 U.S.C. § 1915) restricted the ability of prisoners to avail themselves of IFP status when filing certain federal lawsuits. Specifically, § 1915(g) contains the PLRA's "three-strikes" rule. This provision bars prisoners from proceeding IFP if they have accrued "three strikes" under the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although the legislative history of the PLRA is meager, the Act's supporters indicated that it was meant to curb the volume of non-meritorious, and often frivolous, civil-rights lawsuits brought challenging prison conditions. *See Cervantes*, 493 F.3d at 1051–52. The PLRA also contains other provisions designed to limit the number of such suits in federal courts. For example, it contains an administrative-exhaustion requirement to ensure that prisoners make use of prison grievance procedures. 42 U.S.C. § 1997e(a). In addition, the PLRA requires that courts screen prisoner

complaints and dismiss them *sua sponte* if they determine then, or later in the proceedings, that the complaints are "frivolous, malicious, or fail[] to state a claim." 28 U.S.C. § 1915A.

## II.  PLRA "Strikes"

### A.  *Heck* Dismissals

Central to Washington's argument is that a dismissal under *Heck* does not constitute a strike within the meaning of § 1915(g). In *Heck v. Humphrey*, the Supreme Court held that a court must dismiss a § 1983 claim if (1) it seeks to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and (2) the plaintiff cannot show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Accordingly, a civil damages claim that undermines a valid, underlying conviction or sentence is "not cognizable under § 1983." *Id.* at 487. The Court explained that, in such cases, it was "deny[ing] the existence of a cause of action," and that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90.

Washington advances several arguments concerning why *Heck* dismissals do not qualify as strikes.[3] First, we address the legal framework for determining when a *Heck* dismissal constitutes a strike, including whether such dismissals may be "frivolous, malicious, or fail[] to state a claim" under the PLRA. 28 U.S.C. § 1915(g). Ultimately, we hold that a dismissal may constitute a PLRA strike for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA. Second, we apply this legal framework to the facts of Washington's case, and conclude that the *Heck* dismissal in question, No. 2:09-CV-3052, does not constitute a PLRA strike.

## 1.  Dismissals    of    Frivolous    or    Malicious Complaints

First, Washington contends that a complaint dismissed under *Heck*, standing alone, is not a per se "frivolous" or "malicious" complaint. We agree. A *Heck* dismissal is not categorically frivolous—that is, having "no basis in law or fact," *King*, 398 F.3d at 1121 (internal quotation marks and

---

[3] Contrary to Defendants' contention, we have never squarely broached the question of whether *Heck* dismissals count as strikes. *See Cervantes*, 493 F.3d at 1052 n.2. Rather, our prior cases are inconclusive because they affirmed district-court dismissals without engaging in an analysis of the propriety of imposing PLRA strikes for those dismissals. *See Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (affirming *Heck* dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)). Neither does *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015), bind us on this issue. *Belanus* assessed a PLRA strike for a Rule 12(b)(6) dismissal on the ground that the "thrust" of the complaint was barred by the statute of limitations, such that a dismissal for failure to state a claim could be sustained on that basis. *Id*. at 1024–25, 1027.

citation omitted)—because plaintiffs may have meritorious claims that do not accrue until the underlying criminal proceedings have been successfully challenged. *See Heck*, 512 U.S. at 489–90. For this reason, a *Heck* dismissal is made without prejudice, such that a prisoner may refile the complaint once his conviction has been overturned. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Similarly, a *Heck* dismissal cannot be characterized as malicious, unless the court specifically finds that the complaint was "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121 (internal quotation marks and citation omitted).

## 2. Dismissals for Failure To State a Claim

Neither do all *Heck* dismissals categorically count as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have previously determined that the language "fails to state a claim upon which relief may be granted" in § 1915(g), tracks the language of Rule 12(b)(6), and that dismissals under Rule 12(b)(6) may constitute strikes within the meaning of the PLRA. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). We now hold that *Heck* dismissals may constitute Rule 12(b)(6) dismissals for failure to state a claim when the pleadings present an "obvious bar to securing relief" under *Heck*. *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1004 (9th Cir. 2014).

We do not hold, however, that a successful challenge to the underlying criminal proceedings, *i.e.*, "favorable termination," is a necessary element of a civil damages claim

under § 1983.[4] Section 1983 merely requires that a litigant allege a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," and that the challenged conduct transpire "under color of [state law]." 42 U.S.C. § 1983. The fact that a conviction has been set aside is *not* an element of the claim at issue. Indeed, a particular plaintiff's need to demonstrate that his conviction has been set aside is contingent on a threshold legal determination, made by the court, that the requested relief would undermine the underlying conviction. *Cf. Lockett v. Ericson*, 656 F.3d 892, 896–97 (9th Cir. 2011).

Instead, compliance with *Heck* most closely resembles the mandatory administrative exhaustion of PLRA claims, which constitutes an affirmative defense and not a pleading requirement.[5] *See Jones v. Bock*, 549 U.S. 199, 215–17 (2007). Like dismissals for lack of administrative exhaustion, *Heck* dismissals do not reflect a final determination on the underlying merits of the case. *See Lopez v. Smith*, 203 F.3d

---

[4] The two circuit courts to consider this issue directly have both held that *Heck* dismissals may constitute a strike for "failure to state a claim," although their reasoning on this score is overbroad. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (holding that "the favorable termination of a habeas case is an *essential element* of a prisoner's civil claim for damages brought under 42 U.S.C. § 1983 that necessarily implies the invalidity of the prisoner's conviction"); *In re Jones*, 652 F.3d 36, 37 (D.C. Cir. 2011) (per curiam) (adopting the reasoning in *Smith*); *see also Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (holding, with scant analysis, that *Heck* dismissals are categorically "frivolous").

[5] Consistent with the burden of proof for an affirmative defense, we have held that the defendant in a § 1983 action must show that the plaintiff's success in the action would necessarily imply the invalidity of a criminal conviction. *See Smith v. City of Hemet*, 394 F.3d 689, 699 n.5 (9th Cir. 2005) (en banc); *Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001).

1122, 1129 (9th Cir. 2000) (en banc). Rather, *Heck* dismissals reflect a matter of "judicial traffic control" and prevent civil actions from collaterally attacking existing criminal judgments. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc) (internal quotation marks and citation omitted); *see Heck*, 512 U.S. at 483–87. Therefore, as with affirmative defenses, a court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) if there exists an "obvious bar to securing relief on the face of the complaint." *ASARCO, LLC*, 765 F.3d at 1004; *see Jones*, 549 U.S. at 215. With respect to No. 2:09-CV-3052, the *Heck* deficiency was plain from the face of the complaint, as Washington sought a "recall" of his allegedly unlawful sentence, thereby revealing that it was still extant.

### 3.  Full and Partial Dismissals under *Heck*

In light of the above analysis of *Heck*, we must next decide whether the dismissal in No. 2:09-CV-3052 triggered a PLRA strike. Before proceeding, however, we clarify that so-called *Heck* dismissals come in various guises. This is an important distinction because only a complete dismissal of an action under *Heck*—rather than the dismissal of a particular claim within that action—constitutes a strike. *See Cervantes*, 493 F.3d at 1054.

Broadly speaking, there are two kinds of cases in which *Heck* is implicated. The first type was presented in *Heck* itself, where a prisoner filed a civil suit seeking purely money damages related to an allegedly unlawful conviction. 512 U.S. at 479. *Heck* barred the suit because an award of damages would undermine the validity of the underlying conviction, and the entire action therefore faced dismissal under *Heck*. *Id.* at 486–87.

Another type is the one we have before us, in which a prisoner seeks injunctive relief challenging his sentence or conviction—and further seeks monetary relief for damages attributable to the same sentence or conviction. The first request, for injunctive relief, sounds in habeas, and is not subject to the PLRA's regime. *King*, 398 F.3d at 1122–23. The second request, seeking damages, is intertwined with Washington's plea for injunctive relief, and is therefore subject to dismissal under *Heck.*

When we are presented with multiple claims within a single action, we assess a PLRA strike only when the "case as a whole" is dismissed for a qualifying reason under the Act. *Cervantes*, 493 F.3d at 1054. Although one portion of Washington's action might have been dismissed for failure to comply with *Heck*, the remainder sounds only in habeas. A habeas action, as we have held, is not a "civil action" within the purview of the PLRA because it operates to challenge the validity of a criminal proceeding, and its dismissal does not trigger a strike. *King*, 398 F.3d at 1122–23; *see also El-Shaddai v. Zamora*, No. 13-56104, slip op. at 17–18 (9th Cir. Aug. 12, 2016) (holding that would-be habeas petitions do not count as strikes). As a result, Washington has not accrued a strike for the dismissal of his first suit, No. 2:09-CV-3052, because the entire action was not dismissed for one of the qualifying reasons enumerated by the Act.**[6]**

---

**[6]** We emphasize that our holding is limited to the question now before us, *i.e*., whether such dismissals constitute strikes within the meaning of the PLRA, and does not alter our existing law governing a court's determination of when to "convert a defective section 1983 claim into a habeas petition." *Trimble*, 49 F.3d at 586; *see Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *see also Castro v. United States*, 540 U.S. 375, 382–83 (2003).

Considered from another angle, the *Heck*-dismissed claims were part and parcel of Washington's legal challenge to his criminal sentence. Washington sought relief from the fact or duration of his confinement, specifically a "recall of his sentence," and related monetary damages. This prompted the district court to advise him that habeas proceedings were "the proper mechanism" for challenges to his sentence. Until Washington has proven the invalidity of that sentence, he is barred from obtaining damages arising from it. *Heck*, 512 U.S. at 486–87. Because Washington's *Heck*-barred damages claims are thus intertwined with his habeas challenge to the underlying sentence, we decline to impose a strike with respect to his entire action. This approach squares with the underlying purposes of the PLRA, where Congress was preoccupied with the proliferation of civil-rights suits challenging prison conditions—not criminal convictions. *See King*, 398 F.3d at 1122–23.

## B. *Younger* Abstention

Federal district courts twice dismissed Washington's complaints under *Heck* "and/or" *Younger*, Nos. 2:12-CV-5873 and 2:12-CV-7429, finding that they "lack[ed] jurisdiction." Washington argues that a *Younger* dismissal should be treated like a Rule 12(b)(1) dismissal for lack of subject-matter jurisdiction, which does not trigger a PLRA strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893 (9th Cir. 2011). We agree with Washington.[7]

---

[7] Similarly, Washington contends that a *Heck* dismissal is properly considered jurisdictional in nature, and should therefore not trigger a strike. Because we conclude that Washington's partial dismissal under *Heck* did not warrant a PLRA strike, we decline to reach this alternative argument.

Under *Younger v. Harris*, a federal court must apply a multi-part test to determine whether it should decline to exercise its jurisdiction. *See* 401 U.S. at 41. "*Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). Although the courts below never resolved whether dismissal was appropriate under *Heck* or *Younger*, the record reveals that the dismissals should have occurred under *Younger*, as both dismissed suits were brought prior to Washington's August 2013 state-court conviction. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007).

We hold that a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA. The doctrine of abstention involves a decision by a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity. *Gilbertson*, 381 F.3d at 970–71; *see Albino*, 747 F.3d at 1170. Dismissal on jurisdictional grounds occurs not only before an examination of the merits, but curtails such an examination. *See Moore*, 657 F.3d at 895. "Unlike those situations where a federal court merely abstains from decision on federal questions until the resolution of underlying or related state law issues . . . *Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

As a result, Washington's two prior dismissals under *Younger*, Nos. 2:12-CV-5873 and 2:12-CV-7429, do not constitute strikes. Moreover, to the extent Washington requested relief in those actions that sounded distinctly in habeas, while his remaining claims were barred by *Younger*, such mixed dismissals do not constitute strikes unless the entire action is dismissed for a qualifying reason under the PLRA. *See supra* Section II.A.3. Here, neither the dismissal of Washington's claims under *Younger*, nor those sounding in habeas, present qualifying reasons for imposing a strike within the meaning of § 1915(g).

## C.  Petitions for a Writ of Mandamus

In enacting the PLRA, Congress intended to limit a prisoner's ability to proceed IFP in "a civil action" or the "appeal [of] a judgment in a civil action or proceeding." 28 U.S.C. § 1915(g). We have already held that the PLRA does not extend to a prisoner's use of habeas corpus petitions. *King*, 398 F.3d at 1122. Like habeas, mandamus is a common-law writ that cannot be squarely characterized as a "civil action" or appeal thereof within the meaning of the PLRA.

Most of the circuits to have considered this issue have adopted an approach similar to that of the Seventh Circuit in *Martin v. United States*, 96 F.3d 853, 854–55 (7th Cir. 1996). In *Martin*, the Seventh Circuit concluded that, in many cases, a mandamus petition "against the judge presiding in the petitioner's case," effectively operates as a form of appeal. *Id*. at 854. Whether the "appeal" is civil in nature will depend on whether the underlying litigation is civil, and seeks "relief sought in civil actions that are covered by the PLRA." *In re Nagy*, 89 F.3d 115, 117 n.1 (2d Cir. 1996); *see Martin*,

96 F.3d at 854–55 ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); *In re Grant*, 635 F.3d 1227, 1230 (D.C. Cir. 2011) (applying PLRA to mandamus petitions when the underlying action is civil); *In re Stone*, 118 F.3d 1032, 1033–34 (5th Cir. 1997) (same); *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (same); *cf. Madden v. Myers*, 102 F.3d 74, 76–77 (3d Cir. 1996) (holding that mandamus actions are categorically not "civil actions"). *But see Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996).

In Washington's case, his two mandamus petitions, Nos. 2:10-CV-54 and 2:10-CV-964, directly challenged underlying criminal proceedings, and are more properly construed as appeals of criminal cases. We are persuaded by the reasoning of the Seventh Circuit in *Martin*, and we therefore conclude that Washington's two mandamus petitions operated like habeas claims challenging a criminal conviction and lie outside the scope of the PLRA.

## III.    Application to Washington's Prior Filings

Finally, Washington raises several global procedural challenges concerning the district court's reliance on screening orders in assessing PLRA strikes. In light of prior courts' use of the screening form template, *see infra* n.8, we acknowledge that overreliance on prior classifications can be particularly problematic. *See King*, 398 F.3d at 1121; *Snider v. Melindez*, 199 F.3d 108, 115 n.4 (2d Cir. 1999). However, we set his procedural challenges aside for a future day because, under our analysis, Washington has not sustained any strikes under the PLRA.

Washington's preliminary dismissal, No. 2:09-CV-3052, was a mixed *Heck*/habeas dismissal, which we concluded does not qualify as a strike. *See supra* Section II.A. The next two dismissals, Nos. 2:10-CV-54 and 2:10-CV-964, relate to mandamus petitions challenging criminal proceedings, which are not "civil actions" within the purview of the PLRA and, like habeas petitions, do not incur strikes. *See supra* Section II.C.

Nonetheless, Defendants contend that Washington's second mandamus petition was dismissed for frivolousness or maliciousness because it was nearly identical to his first.[8] We decline to assess a strike, however, because Washington's action took the form of a mandamus petition "appealing" a criminal case. *See id.* The most logical manner of reading § 1915(g) is to impose a symmetry in the statutory language, where Congress was concerned with regulating "civil actions," so that qualifying strikes accrue only from the same. *Cf. Martin*, 96 F.3d at 854 (reasoning that "in context it is apparent that the word 'appeal' [in 28 U.S.C. § 1915(b)(1)] means the appeal in a civil action."); *King*, 398 F.3d at 1122 (holding that "dismissed habeas petitions do not count as strikes"). Because Washington's second mandamus petition was not a "civil action," it falls outside the scope of the PLRA, and we do not consider its dismissal a qualifying strike.

---

[8] The screening order used in these dismissals is of limited assistance because it does not require that a court enumerate the specific PLRA ground upon which the dismissal is based. Neither did the district court below isolate the grounds for dismissal, or make explicit findings of frivolity or maliciousness. *See Knapp*, 738 F.3d at 1109–10 ("It is best practice for a district court to expressly indicate when a dismissal falls into one of the three categories.").

The final pair of dismissals, Nos. 2:12-CV-5873 and 2:12-CV-7429, were made pursuant to *Younger*, which operates as a jurisdictional bar to § 1983 relief, and does not result in a strike for failure to state a claim. *See supra* Section II.B. Moreover, because a court declines to exercise its jurisdiction under *Younger* abstention, it typically cannot make a substantive finding of frivolousness or maliciousness. *See Moore*, 657 F.3d at 893 ("[T]here is nothing necessarily frivolous or malicious in bringing an action for which the court lacks jurisdiction." (internal quotation marks and citation omitted)). Even so, Washington's second *Younger*-barred complaint, No. 2:12-CV-7429, was not frivolous or malicious by virtue of being repetitive, as Defendants contend. Rather, it reflects a pro se litigant's inartful attempt to amend the first pleading, No. 2:12-CV-5873, by revising his requested relief and causes of action to avoid the *Younger* bar. Neither the initial reviewing court, nor the subsequent court, made specific findings of frivolousness or maliciousness, and we decline to do so now. As a result, we conclude that Washington has not accrued any PLRA strikes for his prior dismissals.

## CONCLUSION

We hold that the district court improperly assessed the existence of prior strikes against Washington. Accordingly, we **REVERSE** and **REMAND** for the district court to assess whether Washington is otherwise entitled to proceed with his action *in forma pauperis*.