**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN DEAN BREWER, AKA Michael Green,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>YOSSI GROSSBAUM, Chaplain; KIM PETERSON, Supervisor,<br><br>            Defendants - Appellees. | No. 15-15285<br><br>D.C. No. 2:12-cv-01555-WBS-DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 25, 2016[**]

Before:      LEAVY, SILVERMAN, and GRABER, Circuit Judges.

California state prisoner Kevin Dean Brewer, AKA Michael Green, appeals

pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for

failure to pay the filing fee after revoking Brewer's in forma pauperis ("IFP")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

status because he has three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Andrews v. King*, 398 F.3d 1113, 1118 n.6 (9th Cir. 2005). We vacate and remand.

The district court revoked Brewer's IFP status because it concluded that Brewer had filed three actions that had been dismissed as frivolous, malicious, or for failure to state a claim, and that he did not allege that he was in imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g). However, one of the dismissals that the district court counted as a strike was dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because it is unclear whether that prior action included a claim that both sounded in habeas and sought injunctive relief, we vacate and remand for further proceedings to determine whether the dismissal of that action as *Heck*-barred constitutes a strike. *See Washington v. L.A. Cty. Sheriff's Dep't*, No. 13-56647, 2016 U.S. App. LEXIS 14854 at *17-20 (9th Cir. Aug. 12, 2016) (holding that a dismissal of an action that includes a claim that both sounds in habeas and seeks injunctive relief does not constitute a strike).

Brewer's motion to hear this case with Appeal No. 15-56509, filed on February 16, 2016, is denied as unnecessary as it has already been granted.

Brewer's motion for appointment of counsel, filed on May 2, 2016, is

15-15285

denied.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**