NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRANCE JON IRBY, | No. 15-35417 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05208-RJB |
| v. | |
| STATE OF WASHINGTON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Washington state prisoner Terrance Jon Irby appeals pro se from the district

court's order denying his application to proceed in forma pauperis ("IFP") in his 42

U.S.C. § 1983 action.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo the district court's interpretation and application of 28 U.S.C. § 1915(g),

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016), and for an abuse of discretion its denial of leave to proceed IFP, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We vacate and remand.

The district court concluded that Irby had filed three actions that had been dismissed for failure to state claim, and that Irby had not alleged that he was in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Intervening authority, however, has held that "a dismissal due to *Younger* abstention . . . is not a strike under the [Prison Litigation Reform Act]." *Washington*, 833 F.3d at 1058. One of the prior dismissals relied on by the district court, *Irby v. O'Neill*, No. 2:13-cv-00197-JLR (W.D. Wash. Mar. 11, 2013), was a dismissal based on *Younger* abstention. Therefore, the district court improperly counted No. 2:13-cv-00197-JLR as a strike. We vacate the order denying IFP status and remand for further proceedings.

Irby's request for injunctive relief, set forth in his opening brief, is denied.

**VACATED and REMANDED.**