**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN R. SCHRUBB, Sr., | No. 15-15533 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-04163-BLF |
| v. | |
| JAGER, Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Kevin R. Schrubb, Sr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay

the required filing fee after revoking Schrubb's in forma pauperis ("IFP") status

because he has "three strikes" under the Prison Litigation Reform Act ("PLRA"),

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915(g).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016).  We vacate and remand.

The district court revoked Schrubb's IFP status because it concluded that Schrubb had filed three actions that had been dismissed as frivolous, malicious, or for failure to state a claim, and that he did not allege that he was in imminent danger of serious physical harm.  *See* 28 U.S.C. § 1915(g).  However, one of the dismissals that the district court counted as a strike, *Schrubb v. Tilton, et al.*, No. 3:09-cv-02197-JSW (N.D. Cal.), was dismissed, in part, without prejudice to refiling, on the ground that Schrubb did not identify the Doe defendants.  In a case decided after the district court's ruling in this case, we held that "[w]hen we are presented with multiple claims within a single action, we assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason . . . ." *Washington*, 833 F.3d at 1057 (citation and internal quotation marks omitted); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." (citations and internal quotation marks omitted)).  Accordingly, because it is unclear whether *Schrubb v. Tilton* was dismissed in full for being

15-15533

frivolous, malicious, or for failure to state a claim, in light of this intervening authority, we vacate and remand for further proceedings to determine whether *Tilton* constitutes a strike.

The district court also concluded that the dismissal in *Schrubb v. Bonner, et al.*, No. 2:05-cv-01508-LKK-EFB (E.D. Cal.) constituted a strike because it was dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). However, after the district court's decision in this case, in *Washington*, we clarified the circumstances under which a *Heck* dismissal constitutes a strike. In light of this intervening authority, we leave the question of whether *Bonner* constitutes a strike to the district court to consider on remand.

Schrubb's request for judicial notice (Docket Entry No. 15) is denied.

**VACATED and REMANDED.**

15-15533