**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMAL DAMON HENDRIX, | No. 16-16743 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00336-RCJ-WGC |
| v. | |
| STATE OF NEVADA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jamal Damon Hendrix, a Nevada state prisoner, appeals pro se from the

district court's order in his 42 U.S.C. § 1983 action denying Hendrix in forma

pauperis ("IFP") status because he has three strikes under 28 U.S.C. § 1915(g).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Washington v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). We reverse and remand.

The district court denied Hendrix's IFP request on the basis that he had accrued three prior "strikes" under 28 U.S.C. § 1915(g). The district court improperly counted No. 3:14-cv-398-RCJ-VPC as a strike because the dismissal of a mislabeled § 1983 action on the ground that it should have been brought as a habeas petition does not count as a strike. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1047 (9th Cir 2016) (dismissal of § 1983 action that is mislabeled as a habeas petition does not count as a strike); *Washington*, 833 F.3d at 1057 (where a portion of the action sounds in habeas, dismissal does not count as a strike). The district court improperly counted No. 3:15-cv-155-MMD-WGC as a strike because an initial dismissal of a complaint for violation of Federal Rule of Civil Procedure 8(a), with leave to amend, does not count as a strike. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("[D]ismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g).").

We reverse the district court's order revoking Hendrix's IFP status, and remand for further proceedings.

**REVERSED and REMANDED.**