NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS STEWART, Jr., | No. 16-16431 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00590-JAT-DMF |
| v. | |
| DEREK BOOTH; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted July 11, 2017**

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Thomas Stewart, Jr., an Arizona state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay

the filing fee after denying Stewart's motion to proceed in forma pauperis ("IFP")

because he had three strikes under the Prison Litigation Reform Act. We have

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(g). *Andrews v. King*, 398 F.3d 1113, 1118 n.6 (9th Cir. 2005). As required by intervening authority, we reverse and remand.

The district court denied Stewart's IFP application and dismissed the action without prejudice on the basis that Stewart had filed at least three prior actions in federal court that were dismissed for being frivolous or malicious, or for failing to state a claim, and that he did not establish that he was in imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g). One of the prior dismissals relied on by the court as a strike, *Stewart v. Phoenix Police Department*, No. 2:03-cv-02549-EHC-LOA (D. Ariz. May 26, 2014), was dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). However, the district court's dismissal in this action occurred prior to this court's decision in *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1056-57 (9th Cir. 2016), which concluded that *Heck*-barred dismissals do not count as strikes where at least part of the action sounds in habeas and injunctive relief is sought. We conclude that No. 2:03-cv-02549-EHC-LOA is not a strike because Stewart sought injunctive relief in that action so at least part of the action sounded in habeas. We reverse the judgment

16-16431

and remand for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**