**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 18 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELINDA GABRIELLA VALENZUELA, | No. 17-17534 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-03941-DLR-MHB |
| v. | |
| BRYON MONTS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Arizona state prisoner Melinda Gabriella Valenzuela appeals pro se from the

district court's judgment dismissing her 42 U.S.C. § 1983 action following an

order denying her application for leave to proceed in forma pauperis ("IFP").  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

interpretation and application of 28 U.S.C. § 1915(g), *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016), and for an abuse of discretion its denial of leave to proceed IFP, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We reverse and remand.

The district court abused its discretion in denying Valenzuela leave to proceed IFP because, even though she had three strikes, 28 U.S.C. § 1915(g), Valenzuela plausibly alleged that she was "under imminent danger of serious physical injury" at the time she lodged the complaint. Valenzuela alleged that one or more inmates had sexually assaulted her and threatened her life, that these threats and assaults were ongoing, and that she had reported these matters and nothing had been done. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (court should liberally construe prisoner's "facial allegations"); *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception."). We reverse the denial of Valenzuela's request to proceed IFP, and remand for further proceedings.

The Clerk shall file the opening brief received on March 19, 2018 (Docket Entry No. 6).

**REVERSED and REMANDED.**

17-17534