**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, Jr., | No. 19-35024 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00113-SPW |
| v. | |
| MICHAEL ELIASON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Victor Charles Fourstar, Jr., a federal prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action and imposing a

"strike" under 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's interpretation and application of § 1915(g).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). We affirm in part, reverse in part, and remand.

The district court dismissed Fourstar's "banishment" claim for lack of jurisdiction due to tribal sovereign immunity. A dismissal for lack of subject matter jurisdiction does not qualify as a strike. *See Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019) (dismissal of action did not qualify as a strike because some claims were dismissed for lack of subject matter jurisdiction). Because the entire action was not dismissed for a qualifying reason under the Prison Litigation Reform Act ("PLRA"), we reverse the imposition of a strike and remand to the district court with instructions to amend the dismissal order to remove the language counting the action as a strike. *See Washington*, 833 F.3d at 1057-58 ("When we are presented with multiple claims within a single action, we assess a PLRA strike only when the 'case as a whole' is dismissed for a qualifying reason under the [PLRA]." (citation omitted)).

In light of this court's September 20, 2019 order discharging the January 18, 2019 order to show cause only as to the issue of whether the dismissal counted as a strike under § 1915(g), Fourstar's contentions regarding the merits of his claims, other than the § 1915(g) strike issue, are frivolous. We therefore affirm the district court's judgment dismissing Fourstar's action.

We do not consider Fourstar's renewed motion for appointment of counsel

(Docket Entry No. 22). In Docket Entry No. 14, this court denied Fourstar's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

The Clerk will provide to Fourstar copies of the documents requested in Docket Entry No. 23.

**AFFIRMED in part, REVERSED in part, and REMANDED with instructions.**