NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN JOSHUA COOK, | No.    19-55961 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02417-R-KS |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 11, 2020**
Pasadena, California

Before:  WARDLAW and VANDYKE, Circuit Judges, and HILLMAN,***
District Judge.

Brian Joshua Cook appeals from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging claims for false arrest and excessive force.  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (review of a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is de novo). We affirm in part, reverse in part, and remand.

Relying on *Heck v. Humphrey,* 512 U.S. 477 (1994), the district court dismissed Cook's action after finding that success on his false arrest and excessive force claims would necessarily imply the invalidity of his conviction for disturbing the peace by fighting in a public place or challenging another to do so under California Penal Code § 415(1). As to Cook's false arrest claim, we agree that his conviction necessarily arose from the conduct which led to his arrest (and could not have been distinct from that conduct) and therefore, *Heck* bars this claim. Accordingly, we affirm the district court's dismissal of Cook's false arrest claim.[1]

However, it is not clear from the face of the amended complaint or the fact of Cook's plea that success on his excessive force claim would necessarily call into question the validity of his § 415(1) conviction for fighting or threatening to fight. Unlike a § 148(a)(1) conviction for resisting arrest—where the "lawfulness of the officer's conduct is an essential element of the offense," *Hooper v. Cnty of San*

---

[1] We construe the district court's dismissal of Cook's false arrest claim to be without prejudice to be brought again should he succeed in overturning his conviction. *See Washington v. Los Angeles Cnty. Sheriff's Dep't,* 833 F.3d 1048, 1055 (9th Cir. 2016) (dismissal under *Heck* is made without prejudice as the complaint may be refiled should the conviction be overturned).

*Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011)—a § 415(1) conviction for fighting or threatening to fight could result from simply challenging someone else to a fight, *see In re Cesar V.*, 192 Cal. App. 4th 989, 998–99 (2011), regardless of whether the challenged person was acting lawfully.[2] As a result, we reverse the district court's dismissal of Cook's excessive force claim and remand.[3]

The parties shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this opinion.[4]

---

[2] Cook was initially charged with resisting arrest in violation of California Penal Code § 148(a)(1). This charge was dismissed and Cook pled no-contest to a violation of California Penal Code § 415(1), pursuant to which it is a crime for a person to "unlawfully fight[] in a public place or challenge[] another person in a public place to fight."

[3] We emphasize that we are ruling only on a 12(b)(6) dismissal on the pleadings. We intimate no view on the merits after the development of an appropriate record and express no opinion on whether any particular allegation in the complaint is consistent with Cook's conviction.

[4] Given the dismissal of his underlying constitutional claims, the district court summarily dismissed Cook's claim against the County of Los Angeles. *See Los Angeles v. Heller,* 475 U.S. 796, 799 (2011) (where there is no underlying constitutional violation, there can be no municipal liability under 42 U.S.C. § 1983 for that conduct). Accordingly, the dismissal of Cook's claim for municipal liability against the County based on  unlawful custom, policy or practice relating to his excessive force claim is vacated and the dismissal of his claim for municipal liability against the County based on his false arrest claim is affirmed.