NOT FOR PUBLICATION

FILED

JAN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY VAUGHN PINSON, | No. 20-15328 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00434-RM-PSOT |
| v. | |
| FEDERAL BUREAU OF PRISONS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Federal prisoner Jeremy Vaughn Pinson appeals pro se from the district

court's judgment dismissing her action brought under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for failure to

pay the filing fee after denying Pinson's motion to proceed *in forma pauperis*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("IFP"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of § 1915(g), *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016), and for abuse of discretion for denial of leave to proceed IFP, *O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court properly denied Pinson's motion to proceed IFP because Pinson had filed three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and she did not plausibly allege that she was "under imminent danger of serious physical injury" at the time she lodged the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055-56 (9th Cir. 2007) (discussing the imminent danger exception to § 1915(g)).

The district court did not abuse its discretion by denying Pinson's motion for reconsideration because Pinson failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

**AFFIRMED.**