**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY VAUGHN PINSON, | No. 20-15162 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00401-RM-PSOT |
| v. | |
| FEDERAL BUREAU OF PRISONS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Federal prisoner Jeremy Vaughn Pinson appeals pro se from the district court's judgment dismissing her action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to pay the filing fee after denying Pinson's motion to proceed in forma pauperis

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("IFP").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's interpretation and application of § 1915(g), *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016), and for an abuse of discretion for denial of leave to proceed IFP, *O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir. 1990).  We reverse and remand.

The district court denied Pinson's motion to proceed IFP on the basis that Pinson has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim, and that she did not establish she was in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  However, Pinson's allegations plausibly allege an imminent danger of serious physical injury.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (an exception to the three-strikes rule exists where "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"); *see also Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (court should liberally construe a prisoner's "facial allegations" and determine if the complaint "makes a plausible allegation" of imminent danger).

**REVERSED and REMANDED.**

20-15162