**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE ELLIOT WILLIAMS, | No. 22-15575 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-01792-JLT-BAK |
| v. | |
| THIERRY, Correctional Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

Williams's motion to proceed in forma pauperis ("IFP") on appeal (Docket Entry No. 2) is granted.

Lance Elliot Williams, a former California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action after

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying Williams's motion to proceed IFP. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g). *Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). We affirm.

The district court properly denied Williams's motion to proceed IFP because Williams does not challenge that he had filed at least three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and he failed to plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53, 1055-56 (9th Cir. 2007) (discussing the imminent danger exception to § 1915(g)). Contrary to Williams's contention, the district court did not abuse its discretion by adopting the magistrate judge's report and recommendation because the court met its statutory obligations. *See* 28 U.S.C. § 636(b)(1); *United States v. Ramos*, 65 F.4th 427, 432-33 (9th Cir. 2023) (setting forth standard of review and discussing statutory obligations).

We lack jurisdiction to review the district court's order denying Williams's motion to vacate because Williams failed to file an amended or separate notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (discussing the requirement to file an amended or new notice of

22-15575

appeal in order to contest an issue arising after filing an earlier notice of appeal).

**AFFIRMED.**