**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE REBERGER,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>HAROLD M. BYRNE; et al.,<br><br>             Defendants-Appellees. | No. 17-15242<br><br>D.C. No.3:16-cv-00269-MMD-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

California state prisoner Lance Reberger appeals pro se from the district

court's order dismissing his 42 U.S.C. § 1983 action for failure to pay the filing

fee, after denying Reberger's application to proceed in forma pauperis ("IFP") on

the basis that Reberger has three strikes under 28 U.S.C. § 1915(g).  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). We affirm.

The district court properly denied Reberger's motion to proceed IFP because at the time Reberger filed the complaint, he had filed three actions that qualified as strikes, and he did not plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged the complaint. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055-56 (9th Cir. 2007) (discussing the imminent danger exception to § 1915(g)).

The district court did not abuse its discretion in denying Reberger's motion for an extension because Reberger failed to demonstrate good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement for modifying a scheduling order).

The district court did not abuse its discretion by denying Reberger's motion to amend his complaint because amendment would be futile. *See Chappel v. Lab Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court acts within its discretion to deny leave to amend if amendment would be futile).

17-15242

The district court did not abuse its discretion by denying Reberger's motion for reconsideration because Reberger failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**